IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REGINALD GREEN, #63828-080, | § | |
| | § | |
| V. | § | A-12-CA-065 LY |
| | § | |
| CLAUDE MAYE, WARDEN FEDERAL | § | |
| CORRECTIONAL INSTITUTE, | § | |
| BASTROP, TEXAS | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Reginald Green's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1) and Respondent's Response to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 8).

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

I.   **GENERAL BACKGROUND**

Petitioner Reginald Green is currently serving a 384-month sentence for imprisonment for Conspiracy to Distribute in Excess of 50 Grams of Cocaine Base and Continuing Criminal Enterprise imposed in the Norther District of Mississippi - Eastern Division. He is currently incarcerated at FCI Bastrop and his projected release date is May 19, 2025.

Green filed the instant pro se habeas petition under 28 U.S.C. § 2241 on January 23, 2012. He alleges that the Bureau of Prisons ("BOP") has improperly banned him from using the Trust Fund

Limited Inmate Computer System ("TRULINCS") in violation of: his Due Process rights, the Equal Protection Clause of the Constitution, and the Administrative Procedure Act. The parties do not dispute that Green has exhausted his administrative remedies.

Green complains that the BOP is wrongly denying him access him to e-mail. The parties agree that while Green was imprisoned at FCI Three Rivers, he ordered a book entitled "Hacking Exposed" which was confiscated and instigated an investigation uncovering various contraband items in his cell. Because of the incident, Green is denied access to computers and TRULINCS for the duration of his imprisonment.

**II.    ANALYSIS**

The essence of a petition for writ of habeas corpus under 28 U.S.C. § 2241 is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, a § 2241 petition attacks the manner in which a prisoner's sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A petition for writ of habeas corpus may only be filed in the district where the prisoner is incarcerated. *Id*. A challenge to a condition of confinement by a federal prisoner, such as Petitioner bring in this case, is properly brought by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See United States v. Huss*, 520 F.2d 598, 603 (2d Cir. 1975); 28 U.S.C. § 2241(c)(3).

TRULINCS procedures are set forth in the Bureau of Prisons Policy Statement 5265.13. *See* http://www.bop.gov/DataSource/execute/dsPolicyLoc. Using TRULINCS, an inmate is permitted to send or receive electronic, computer-based, written messages to and from family members and friends in the community who are included on the inmate's electronic message contact list. Thus,

TRULINCS provides inmates with an alternative method of written communication. *See* Program Statement 5265.13(2). The Bureau of Prisons Policy Statement 5265.13 states that the use of TRULINCS is a privilege and that the BOP has absolute discretion in determining whether to limit or deny the use of TRULINCS by an inmate. *See* Program Statement 5265.13(2). When the BOP determines that an inmate's use of the electronic messaging system would threaten the safety or security of the public or a prison facility or interfere with the orderly operation of the prison facility, the inmate will not be permitted to use TRULINCS. *See id.*

Petitioner in this case requests that the Court require the BOP to "lift the TRULINCS ban" against him.

  A.  **Due Process Claims**

Green argues that the BOP denied him due process by declaring him ineligible to use the TRULINCS messaging system. Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). The Fifth Circuit has held that the only actions that affect a prisoner's liberty interests are those that affect the duration of his sentence. *Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001). A prisoner does not have a constitutionally protected liberty interest in using TRULINCS, at its use does not affect the duration of one's sentence and is a privilege. *See Madison v. Parker*, 104 F.3d 765 (5th Cir. 1997); *see Glick v. Montana Dept. of Corrections*, No. CV 07-41-H-DWM, 2009 WL 2959730, at *2 (D. Mont. May 7, 2009) (adopting recommendation to dismiss claim of denial of access to computer, email and other electronic communications because computer access is not a constitutional right and prohibition on use of computer and email did not violate free speech

or expression because inmate had other means of communication available to him). Because Green's due process rights are not implicated by his ban from using TRULINCS, the Court rejects his due process claim.[1]

### B. Equal Protection Claim

Green next argues that the BOP's limitation on his computer use violates the Equal Protection Clause of the Fourteenth Amendment.[2] He contends that other inmates who are sex-crimes offenders or whose crimes were directly related to computer use are not excluded from using TRULINCS, while he is being denied access for merely ordering a book about computer hacking.

The Equal Protection Clause requires the government to treat similarly situated persons alike. *See City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). To prevail, "a plaintiff must plead and prove that the defendant acted with discriminatory purpose . . . on account of race, religion, or national origin." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948 (2009); *see Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 265 (1977) (requiring proof of racially discriminatory intent or purpose to show violation of equal protection). Thus, a plaintiff must allege an improper motive, and not merely a discriminatory impact. *See Washington v. Davis*, 426 U.S. 229, 245 (1976).

Plaintiff in this case has failed to plead that he is a member of a suspect class or to identify an improperly discriminatory motive. His claim fails on this basis. *McCleskey v. Kemp*, 481 U.S.

---

[1] Additionally, because Green is still able to communicate with friends and family outside of prison through the United States mail, his First Amendment rights are not implicated.

[2] The Due Process Clause of the Fifth Amendment applies to the federal government and imposes the same equal protection requirements as the Fourteenth Amendment imposes on the states. *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

279 (1987); *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992). When a plaintiff fails to allege that he is a member of a suspect class, and "if the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action—even if irrational does not deny them equal protection of the laws." *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988).

Additionally, Petitioner has failed to show a lack of a rational basis for the difference in treatment between him and other inmates. *See Unruh v. Moore*, 326 Fed. Appx. 770, 772 (5th Cir. 2009) (rejected equal protection claim based on rational basis where an inmate was treated differently due to disciplinary history and security concerns). The BOP asserts that the decision to deny Green access to TRULINCS was a result of his attempt to educate himself about computer hacking. Green's actions showed he was a potential threat to the prison computer system and possibly the public. The Court finds the BOP's decision to exclude Green from computer access is rationally related to a legitimate peneological interests. *See Brown v. Dretke*, 2006 WL 1582719, at *1 (5th Cir. 2006) (finding that subjecting inmates who are sex offenders to different parole proceedings is reasonably related to legitimate penological interests). Accordingly, Petitioner's equal protection claim fails.

### C. Administrative Procedure Act Claim

Green also asserts that the BOP violated the Administrative Procedure Act when it promulgated Program Statement 5265.13, which deals with Electronic Messaging. Green seems to assert that the BOP's Program Statement 5265.13 violates the "notice and comment" provisions of the rulemaking procedures of the APA, codified at 5 U.S.C. §§ 553(b) and (c). However, Program Statement 5265.13 is not the type of agency decision that requires notice and comment. *See Russell*

*v. Whitehead*, No. DKC–09–3007, 2010 WL 2367370, at *3 (D. Md. 2010) (noting that Program Statement 5265.13 is only an interpretive internal agency explanation or guideline) (citing *Reno v. Koray*, 515 U.S. 50, 61 (1995) (noting that BOP Program Statements are not "laws" within the meaning of the statute because they do not constitute regulations promulgated in compliance with the notice and comment requirements of the Administrative Procedure Act; rather they are internal agency guidelines that are "akin to . . . interpretive rules")).

To the extent that Green attacks Program Statement 5265.13 as "arbitrary and capricious," as an interpretive rule, Program Statement 5265.13 is unreviewable by the Court as it falls within the BOP's broad discretionary powers to administer prisons. TRULINCS procedures are set forth in the Bureau of Prisons Policy Statement 5265.13.[3] In that policy statement. the BOP acknowledges that its authority to implement TRULINCS is found in 18 U.S.C. § 4042(a). *Id.* at 2. Section 4042(a) addresses only the general responsibilities of the BOP, and thus, "[t]he absence of specific guidelines of appropriate conduct by BOP officials in administering these duties . . . leaves judgment or choice to BOP officials." *Scrima v. Hasty*, 1998 WL 661478, at *3 (S.D. N.Y.1998). The total absence of specific guidelines indicates that the BOP has broad discretion in fulfilling its responsibilities. *See Harrison v. Federal Bureau of Prisons*, 464 F.Supp.2d 552, 558 (E.D. Va. 2006); *Crooker v. Morris*, 1996 WL 608553, at *6 (D. N.J. 1996) ("[I]t is well-settled that the BOP generally has wide discretion to implement the . . . provisions in § 4042(a)") (other citations omitted)).

Therefore, the APA precludes judicial review where, as here, the BOP has broad discretion to provide suitable quarters and care for inmates, which would include the provision of electronic

---

[3]*See* www.bop.gov/policy/progstat/5265_013.pdf (last visited June 1, 2012).

messaging services.  *See Harrison*, 464 F.Supp.2d at 558 (holding that inmate plaintiff's challenge to increased cost of telephone calls pursuant to a program statement implemented under § 4042 was precluded by the APA).  Accordingly Green's final claim also fails.

## III.   RECOMMENDATION

For the reasons set out above, the Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Reginald Green's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1).

## IV.   WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

    SIGNED this 1st day of June, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE